## MULLEN v. PUGH.

[No. 1,694.   Filed November 24, 1896,]

LANDLORD AND TENANT.—*Construction of Lease.*—A lease for one year with the agreement that if lessee should prove to be a satisfactory tenant and should do what was right the lessor would again rent the premises to him for another year, cannot be construed as a leasing of the premises for an additional year.

SAME.—*Ejectment.*—*Equitable Lien for Improvement.* — Under a lease for one year which stipulates that should the lessee prove satisfactory as a tenant and do what was right the lessor would rent him the premises for another year, and which stipulates further that lessee might build a house on the premises, for which lessor would pay lessee whenever his tenancy should cease, the lessee has an equitable lien upon the real estate for the value of a house built, and a court of equity will protect him in possession of the real estate until he is paid for the value of the improvement so made.

From the Fountain Circuit Court. *Reversed.*

VOL. 16—22

*E. F. McCabe*, for appellant.

*J. Frank Hanly*, for appellee.

DAVIS, J.—This was an action to recover possession of real estate. Appellant, who was defendant in the court below, appeals from the judgment rendered against him in said cause. The error relied upon for reversal is the act of the court in rendering judgment in favor of appellee on the special verdict.

The special verdict shows that appellant, Mullen, rented of appellee, in 1892, a farm for one year, from March 1, 1893, to March 1, 1894, with the agreement that if appellant "should be satisfactory to the said agent, as a tenant, and should do what was right, the plaintiff would again rent and lease said premises to him for another year."

The special verdict also shows that it was agreed in said contract that said appellant "might go at once upon said premises, and that he might build a house thereon, and that whenever his tenancy should cease, the plaintiff would pay him, the said defendant, for said house."

It is also found that appellant entered upon said premises pursuant to said contract, and built a house worth $90.00, and built a barn worth $25.00, and that appellee refused to lease said premises to him for another year.

There is no finding that appellant did not farm the land properly, nor is there any finding that he was not in fact satisfactory as a tenant.

The appellee has not paid or offered to pay appellant for said house.

Counsel for appellant insists:

1. That appellant was entitled to hold the premises, as tenant, under the terms of his contract, for another year, from March 1, 1894.

2.   That appellee could not maintain a suit for possession until she paid or tendered appellant payment for his house.

In support of the first proposition the argument of counsel is that appellant was entitled to the benefit of his contract; and that under the terms of this contract he was entitled to hold possession until March 1, 1895. Whether he was satisfactory as a tenant and did what was right does not appear.   It is clear, however, that the appellee refused to "again rent and lease said premises to him for another year."   Therefore, the contract, in the light of the facts found, cannot be construed as a leasing of the premises to appellant for another year.

Whether he could maintain an action for damages for breach of contract, or what his rights would have been if it appeared that he was satisfactory as a tenant and had done what was right, we need not determine.

In support of the second proposition counsel for appellant contends:

1.   That the agreement to pay for the house was a concurrent condition of the contract which she was bound to perform before she could recover possession.

2.   That the agreement to pay for the house was a covenant that run with the land and gave appellant an equitable lien thereon and the right to retain possession until that lien was satisfied.

Whether this contract to pay for the house was a covenant which runs with the land we need not determine.   This is an action between the original parties to the contract, and, in our opinion, under the peculiar circumstances of this particular case, the appellant has an equitable lien upon the real estate for the value of the house built by him thereon as a permanent improvement under the terms of his lease, and

that a court of equity will protect him in the possession of the real estate, on the terms provided in the lease, until he is paid for the value of the improvement. *Ecke* v. *Fetzer*, 65 Wis. 55, 26 N. W. 266.

In this case appellant built the house under the assurance that if he was satisfactory as a tenant and did what was right the appellee would lease said premises to him for another year, and that when his tenancy should expire the appellee would pay him for the house. For aught that appears, he was satisfactory as a tenant and did what was right and, under the circumstances, on her failure to rent the premises to him for another year, he should be treated as having an equitable lien upon the premises for his improvement and the right to retain possession in order to enforce such lien.

In this action the court can give him no relief on account of the barn. There was no agreement in the lease that he should be paid for the barn at the expiration of his tenancy.

Judgment reversed at appellee's cost, with instructions to modify judgment in such manner as to authorize appellant to retain possession in accordance with the terms of his contract until appellee pays him the value of the house.