## BELL ET AL. v. BITNER.

[No. 4,688.   Filed April 7, 1904.]

CONTRACTS.—*Pleading Contract.*—*Presumptions.*— A contract upon which a pleading is based which is not shown to have been in writing will be presumed to have been in parol.   *p. 7.*

LANDLORD AND TENANT.—*Action for Rent.*—*Defense.*— *Answer.*— In an action by the owner of land to recover rent accrued since his ownership, an answer setting up payment under a contract between defendant and the former owner in which it was agreed that defendant was to make certain improvements on the real estate for which he should receive payment when the tenancy terminated was insufficient, it not being shown that defendant had any equitable lien on rents due plaintiff, or that there was any personal liability on the part of plaintiff for the amount claimed, and it was not sought to follow the real estate for the purpose of enforcing any lien.   *p. 8.*

From Howard Circuit Court; *W. W. Mount,* Judge.

Action by Jane Bell and others against William Bitner. From a judgment in favor of defendant, plaintiffs appeal. *Reversed.*

*J. P. Gray, G. H. Gifford* and *G. J. Gifford,* for appellants.

*J. C. Blacklidge, C. C. Shirley, Conrad Wolf, C. H. Gifford* and *L. B. Nash,* for appellee.

ROBINSON, J.—Suit by appellants for $625 rent. Appellee answered in four paragraphs: First, general denial; second, payment; third, that appellee rented the land from one James Bell, the owner, and entered as a tenant from year to year; that about the 1st day of October, 1884, Bell agreed with appellee that if appellee would make improvements in the way of a house and barn, fencing, clearing the land of stumps, digging wells, etc., that Bell would pay him for such work, labor, and expense incurred in making such improvements when appellee should have to leave the farm, and his tenancy on the farm had terminated, and that appellee should have pay for certain seed

sown during the last year of the tenancy; that appellee did make improvements, as shown by a bill of particulars filed as an exhibit, and occupied the land from the date of such agreement until March 1, 1901; that Bell died in July, 1895, leaving the lands to appellants, and appellee continued to occupy the land, holding possession of the land to secure the payment of his equitable lien for such improvements, and for the purpose of being reimbursed out of the rents of the land for the improvements made under the contract when he should have to leave the farm; that in 1900 appellants sold the land to one Hinkle, and gave appellee three months' notice to give possession March 1, 1901, and, in pursuance of such notice, appellee gave possession to the owner, and withheld the sum of $625 of the rents, and applied the same to the discharge of his equitable lien. The fourth paragraph alleges, in addition, that appellants, having knowledge of appellee's contract with Bell, directed him to continue as tenant under that contract, and that appellants, in consideration of the peaceable possession on March 1, 1901, and the release of an equitable lien thereon for such improvements, assumed and agreed to pay for the improvements made prior to the death of Bell, alleged to amount to $1,155, when appellee should leave the farm; that, in pursuance to such agreement, appellee released his equitable lien and gave possession. Demurrers were overruled to the third and fourth paragraphs of answer, and a verdict rendered in appellee's favor as to the complaint, and in appellee's favor upon the fourth paragraph of answer for $375 in excess of the amount claimed by appellants. Appellee remitted $375, and judgment was rendered against appellants for costs.

The demurrer to the third paragraph of answer should have been sustained. As the pleading does not show the contract concerning the improvements to have been in writing, it is presumed it was in parol. It is not shown that the agreement was a part of the contract of leasing. This

is not an action to recover possession of land which a tenant claims the right to hold until improvements provided for in the contract of leasing are paid for. *Mullen* v. *Pugh,* 16 Ind. App. 337. Nor is it an action of ejectment against a tenant in possession under a written lease, in which it was provided that certain improvements to be made by the tenant should be paid for by the lessor at the end' of the term. *Ecke* v. *Fetzer,* 65 Wis. 55, 26 N. W. 266. The complaint is an action to recover rent due appellants as owners of the land—rent which has accrued since they became such owners. It is not claimed in this paragraph that appellee has any equitable or other lien on the rents due appellants, nor that there is any personal liability on the part of appellants for the amount claimed to be due appellee, nor does the pleading seek to follow the real estate for the purpose of enforcing any lien. This answer shows no more than a claim against the estate of James Bell for the value of improvements made under a contract with him while appellee was his tenant, and pleads no facts showing a right to claim the value of such improvements as a set-off to the demand of appellants for rents which have accrued to them as owners of the land.

Judgment reversed.